**Michael HAYES, Petitioner–Appellant,**

v.

**Edward L. EVANS; Attorney General of the State of Oklahoma, Respondents–Appellees.**

**No. 95–6069.**

United States Court of Appeals, Tenth Circuit.

Nov. 14, 1995.

Drew Neville, Brinda K. White of Linn & Neville, P.C., Oklahoma City, Oklahoma, for Appellant.

W.A. Drew Edmondson, Attorney General, Diane L. Slayton, Assistant Attorney General, Oklahoma City, Oklahoma, for Appellees.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

Michael Hayes appeals the district court's order denying his habeas petition filed pursuant to 28 U.S.C. § 2254. The district court concluded that Mr. Hayes was no longer in custody pursuant to the conviction that was the subject of his original petition, because the state court had since reversed that conviction. The court further concluded that he had failed to exhaust his state remedies with respect to his subsequent retrial and reconviction, and that no good reason existed for excusing exhaustion with respect to this conviction. The court then entered judgment denying Mr. Hayes' habeas petition.[1]

Mr. Hayes was convicted in Oklahoma state court in 1988 and appealed that convic-

---

1. After examining the briefs and appellate record, this panel has determined unanimously to

tion to the Oklahoma Court of Criminal Appeals. When Mr. Hayes filed the present habeas petition, the Oklahoma court had yet to issue a decision in his direct appeal. Mr. Hayes contended that this delay in adjudicating his appeal violated his rights to due process and equal protection and excused his failure to exhaust his state court remedies.

While Mr. Hayes' petition was pending in federal court, the Oklahoma Court of Criminal Appeals reversed his conviction and remanded the action for a new trial. Mr. Hayes was retried in the spring of 1993 and convicted. He argued in the district court that the reversal of his conviction did not moot his habeas petition because the Oklahoma court's delay in adjudicating his appeal prejudiced his ability to defend himself on retrial. Mr. Hayes conceded that the delay did not prejudice the appeal itself.

On appeal, Mr. Hayes argues that the magistrate judge erred in concluding, without benefit of an evidentiary hearing, that the delay in adjudicating Mr. Hayes' direct appeal did not prejudice his defense on retrial. Mr. Hayes also argues that his habeas petition is not moot. He contends that because the constitutional error he raised in his federal habeas petition concerned appellate delay, rather than trial error, the reversal of his conviction and remand for a new trial did not provide him all the relief requested.

In *Harris v. Champion*, 15 F.3d 1538, 1566 (10th Cir.1994), we held that a habeas petitioner whose direct appeal had yet to be decided by the state court could obtain habeas relief if he could establish that delay in adjudicating his direct appeal had violated his due process rights. One way a petitioner could establish such a due process violation would be by asserting a colorable state or federal claim that would warrant reversal of his conviction and demonstrating that excessive delay in adjudicating his appeal had impaired his defense on retrial. *Id.* at 1564. We further held that the most appropriate form of habeas relief in such circumstances would be to grant a conditional writ directing the state to release the petitioner if it did not decide his appeal within a specified period. *Id.* at 1566–67. Another option would be for

the district court to excuse exhaustion and address the merits of the petitioner's federal challenges to his conviction and sentence. *Id.* at 1567.

In this case, the state court reversed Mr. Hayes' conviction and remanded the action for a new trial before the federal district court reached the merits of the habeas petition. Had the situation been reversed, and the district court had addressed the merits of the petition before the state court ruled, the most relief Mr. Hayes could have received would have been either the grant of a conditional writ or a review by the district court of his federal challenges to his conviction and sentence. The state court's reversal of his conviction and grant of a new trial, therefore, afforded Mr. Hayes all the relief the federal court could have given him. Because Mr. Hayes does not suggest that the delay in adjudicating his direct appeal somehow affected the outcome of that appeal, there is no further relief that the federal court can grant him with respect to the 1988 conviction that was the subject of the habeas petition. Therefore, the original habeas action is moot.

Mr. Hayes, however, would avoid the mooting of his action by converting his habeas action into one that challenges his conviction in 1993 after retrial, rather than his original conviction in 1988. This, he cannot do. As the district court correctly noted, Mr. Hayes must exhaust his state court remedies with respect to this new conviction before he can bring a challenge in federal court. If Mr. Hayes believes that the delay in adjudicating his appeal from the 1988 conviction somehow prejudiced his ability to defend himself on retrial in 1993, he must raise that challenge in the context of his 1993 proceedings. The parties' arguments and the magistrate judge's conclusions about prejudice on retrial are, therefore, quite premature.

The district court correctly recognized that Mr. Hayes' challenge to his 1988 conviction is moot and that he must exhaust his state court remedies before bringing a federal habeas action challenging his 1993 conviction. Rather than denying the petition, however, the court should have dismissed the action as moot. Therefore, we VACATE the judg-

grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P.

34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

ment of the United States District Court for the Western District of Oklahoma, and RE-MAND the matter with directions to dismiss the action as moot. Mr. Hayes' motion to consolidate this appeal with appeal Nos. 94–6383, 94–6404, and 94–6435, which have already been decided, is DENIED as moot.