UNITED STATES COURT OF APPEALS

**Filed 7/10/96**

TENTH CIRCUIT

BRIAN D. DUBUC,

          Petitioner-Appellant,

v.

OKLAHOMA COURT OF CRIMINAL
APPEALS, TULSA COUNTY
DISTRICT COURT, STATE OF
OKLAHOMA, BOBBY BOONE,
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

          Respondents-Appellees.

No. 96-5024
(N. Dist. of OK)
(D.C. No. 94-C-1024-E)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(1); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Brian Dale DuBuc appeals pro se the Order of the district court dismissing his habeas corpus petition as moot. In March 1992, DuBuc was convicted in Tulsa County District Court. He subsequently appealed his conviction to the Oklahoma Court of Criminal Appeals. In November 1994, a decision in his appeal not yet rendered, DuBuc filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay the state court proceeding in the United States District Court for the Northern District of Oklahoma. The district court determined that excusing DuBuc's failure to exhaust state remedies was appropriate under the circumstances and, reasoning that DuBuc may have confused his current appellate delay claims with possible subsequent claims, granted him additional time to allege any prejudice resulting from the delay in his direct appeal. The district court, however, denied DuBuc's motion for a stay of the state proceedings. Later, on June 12, 1995, the district court granted DuBuc's motion for leave to amend the habeas petition pursuant to *Harris v. Champion*, 48 F.3d 1127 (10th Cir. 1995). On June 29, 1995, however, before the district court had decided the merits of his habeas petition, the Oklahoma Court of Criminal Appeals reversed DuBuc's conviction and remanded his case for a new trial.

Soon after the decision of the Oklahoma Court of Criminal Appeals, the Respondents moved to dismiss DuBuc's habeas action. Respondents argued the reversal of DuBuc's conviction mooted the habeas action because there was no longer a conviction from which to grant relief. DuBuc contended that the Oklahoma court's delay in deciding his appeal may prejudice his ability to defend himself on retrial. The district court held DuBuc's argument was immaterial to his appellate delay claim and stated that DuBuc could raise the issue before the Tulsa County District Court. It then dismissed the habeas action as moot. DuBuc appeals the dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

On appeal, DuBuc raises several issues. He argues the following: (1) the district court erred by dismissing his habeas petition as moot because he was entitled to more relief than was granted by the Oklahoma Court of Criminal Appeals; (2) the district court erred when it denied his request for an evidentiary hearing; (3) the district court erred in denying his motion to stay the state court proceedings. As part of each argument, DuBuc contends that each error by the district court was of constitutional dimensions.

---

[1] The district court granted a certificate of probable cause on January 19, 1996. DuBuc filed his notice of appeal the preceding day. In *Edens v. Hannigan*, this court determined the recent amendments to habeas corpus law did not apply retroactively to habeas appeals filed prior to the date the new law was signed by the President, April 24, 1996. *Edens v. Hannigan*, No. 94-3352, 1996 WL 339763, at *1 n.1 (10th Cir. June 20, 1996). On the basis of *Edens*, we conclude that the new law does not apply to this case.

The issues raised by DuBuc have been resolved by this court against his positions in *Hayes v. Evans*, 70 F.3d 85 (10th Cir. 1995). In *Hayes*, the petitioner brought a § 2254 motion contending that the delay in adjudicating the direct appeal of his Oklahoma state court criminal conviction violated his due process rights. While his petition was pending in the district court, the Oklahoma Court of Criminal Appeals reversed his conviction and remanded the action for a new trial. Hayes argued in the district court that the reversal of his conviction did not moot his habeas petition because the Oklahoma court's delay in adjudicating his appeal prejudiced his ability to defend himself in retrial. The district court then denied him an evidentiary hearing and denied his habeas petition.

On appeal, Hayes raised issues very similar to those brought by DuBuc. This court, however, ordered the district court to dismiss Hayes's habeas petition as moot. *Id.* at 86-87. The court reasoned that the state court's reversal of Hayes's conviction and its remand for a new trial prior to the district court's reaching the merits of the habeas petition had afforded Hayes all the relief the federal district court could have granted him. *Id.* at 86. Because Hayes had conceded that the delay in adjudicating his direct appeal did not prejudice the appeal itself, the federal district court could not have granted him any relief beyond what he received on direct appeal. *Id.*

Although DuBuc does not concede the delay in his direct appeal somehow affected its outcome, it is apparent he does not really allege that it did. Instead, he argues the Oklahoma Court of Criminal Appeals did not resolve all of his appellate contentions, especially his sufficiency of the evidence claim, and thus his habeas petition is not moot. DuBuc's contentions, in this respect, clearly focus on trial errors rather than any prejudice resulting from appellate delay. Moreover, it is important to note that the Oklahoma court reversed his conviction and that it no longer exists. We hold that in light of this reversal, it was not necessary for the Oklahoma court to resolve every appellate issue.

On the basis of our holding above, we conclude that DuBuc's other claims are also moot. The district court could have afforded DuBuc no more relief than that he received from the Oklahoma Court of Criminal Appeals. The district court is thus **AFFIRMED** in its dismissal of DuBuc's habeas petition, **AFFIRMED** in its denial of his request for an evidentiary hearing, and **AFFIRMED** in its denial of his motion to stay the state court proceedings.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-5-