98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Walter D. JOHNSON, Jr., Petitioner, Appellant,
v.
Paul DIPAOLO, Respondent, Appellee.
 No. 95-2138.
 United States Court of Appeals, First Circuit.
 Oct. 4, 1996.
 
 Walter D. Johnson on brief pro se.
 Scott Harshbarger, Attorney General, and Elisabeth J. Medvedow, Assistant Attorney General, Criminal Bureau, on brief for appellee.
 Before SELYA, CYR, and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Walter Johnson filed the instant petition for a writ of habeas corpus in 1993, complaining primarily of delay attending the progress of his direct criminal appeal in state court. In response, the district court issued a conditional writ directing respondent (a state official) to undertake efforts to get the appeal back on track. These measures proved successful: new counsel was appointed and the Massachusetts Appeals Court agreed to reinstate the appeal. Once oral argument in the appeal was held, the district court dismissed the petition as moot. Subsequently, the Appeals Court vacated petitioner's conviction, and the Supreme Judicial Court (SJC) accepted the case for further review.
 
 
 2
 To the extent we can decipher petitioner's arguments on appeal, he apparently contends that the delay here was sufficiently protracted so as to compel reversal of his conviction and to necessitate his unconditional release from custody. We disagree. "Whether an appellate delay results in prejudice sufficient to warrant reversing a conviction rests, most importantly, on a showing that it has impaired the appeal or the defense in the event of retrial." United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st Cir.1995), cert. denied, 116 S.Ct. 1879 (1996); accord, e.g., Simmons v. Beyer, 44 F.3d 1160, 1170-71 (3d Cir.), cert. denied, 116 S.Ct. 271 (1995); Cody v. Henderson, 936 F.2d 715, 719-22 (2d Cir.1991). No such showing has been made here.
 
 
 3
 In the event petitioner is subjected to a new trial, he remains free at that time to argue that the appellate delay has impaired his ability to defend himself at retrial. See, e.g., Hayes v. Evans, 70 F.3d 85, 86 (10th Cir.1995). Alternatively, in the event petitioner's conviction is ultimately affirmed by the SJC, the dismissal here is without prejudice to the filing of a new habeas petition advancing any constitutional challenges petitioner might have to his underlying conviction that were raised in petitioner's present petition in the district court but not resolved by the district court in light of its ruling on the issue of delay.
 
 
 4
 Affirmed.