USCA1 Opinion

 

 October 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2138 WALTER D. JOHNSON, JR., Petitioner, Appellant, v. PAUL DIPAOLO, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Boudin, Circuit Judges. ______________ ____________________ Walter D. Johnson on brief pro se. _________________ Scott Harshbarger, Attorney General, and Elisabeth J. Medvedow, _________________ _____________________ Assistant Attorney General, Criminal Bureau, on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner Walter Johnson filed the instant __________ petition for a writ of habeas corpus in 1993, complaining primarily of delay attending the progress of his direct criminal appeal in state court. In response, the district court issued a conditional writ directing respondent (a state official) to undertake efforts to get the appeal back on track. These measures proved successful: new counsel was appointed and the Massachusetts Appeals Court agreed to reinstate the appeal. Once oral argument in the appeal was held, the district court dismissed the petition as moot. Subsequently, the Appeals Court vacated petitioner's conviction, and the Supreme Judicial Court (SJC) accepted the case for further review.  To the extent we can decipher petitioner's arguments on appeal, he apparently contends that the delay here was sufficiently protracted so as to compel reversal of his conviction and to necessitate his unconditional release from custody. We disagree. "Whether an appellate delay results in prejudice sufficient to warrant reversing a conviction rests, most importantly, on a showing that it has impaired the appeal or the defense in the event of retrial." United ______ States v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st Cir. ______ ________________ 1995), cert. denied, 116 S. Ct. 1879 (1996); accord, e.g., _____________ ______ ____ Simmons v. Beyer, 44 F.3d 1160, 1170-71 (3d Cir.), cert. _______ _____ _____ -2- denied, 116 S. Ct. 271 (1995); Cody v. Henderson, 936 F.2d ______ ____ _________ 715, 719-22(2d Cir. 1991). No such showing hasbeen made here. In the event petitioner is subjected to a new trial, he remains free at that time to argue that the appellate delay has impaired his ability to defend himself at retrial. See, ___ e.g., Hayes v. Evans, 70 F.3d 85, 86 (10th Cir. 1995). ____ _____ _____ Alternatively, in the event petitioner's conviction is ultimately affirmed by the SJC, the dismissal here is without prejudice to the filing of a new habeas petition advancing any constitutional challenges petitioner might have to his underlying conviction that were raised in petitioner's present petition in the district court but not resolved by the district court in light of its ruling on the issue of delay. Affirmed. _________ -3-