**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHEN H. SMALLWOOD, JR.,

Petitioner - Appellant,

v.

JOSEPH SCIBANA,

Respondent - Appellee.

No. 06-6249

W.D. Oklahoma

(D.C. No. 05-CV-1415-F)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

BACKGROUND

Stephen Smallwood, a federal prisoner, was accused of using marijuana

while incarcerated. The Bureau of Prisons (BOP), acting through a District

Hearing Officer (DHO), held a hearing, determined Smallwood committed the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

infraction and imposed penalties. Smallwood took an administrative appeal, arguing procedural irregularities at his hearing prevented a full and fair defense. His administrative appeal was successful; a rehearing was ordered. In spite of the favorable administrative determination, Smallwood filed a petition for habeas corpus in the district court again alleging procedural irregularities before the DHO violated his constitutional rights. In the interim he was transferred to another BOP facility. On May 3, 2006, he amended his petition for writ of habeas corpus complaining that he had been punished for the alleged infraction prior to the rehearing. On May 11, 2006, the rehearing was held before the DHO (at the new facility), who again found Smallwood committed the infraction and reimposed the same penalties. Any complaints Smallwood may have regarding the second hearing are not implicated here.

The magistrate judge, *sua sponte,* recommended dismissal of Smallwood's claims because they were moot. The district judge adopted the recommendation and dismissed for lack of jurisdiction. Smallwood appeals. We affirm.

### DISCUSSION

Standing and mootness are related jurisdictional doctrines; mootness is implicated here. Standing is a jurisdictional threshold for bringing a case in federal court. It tests whether a case or controversy exists. Mootness is implicated when a case or controversy, originally present, ceases to exist. Standing is evaluated by reference to the circumstances existing at the time of

the filing of the complaint. *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099 (10th Cir. 2006). "Subject matter jurisdiction generally does not vanish once it properly attaches." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004). Mootness is the most notable exception to that general rule; the jurisdiction of a federal court evaporates when subsequent events terminate the controversy extant at the inception. *Pittsburg County,* 358 F.3d at 706 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citations omitted).

Smallwood's complaints could not be redressed by the district court — his case was moot. Smallwood sought correction of procedural errors at the initial hearing, both administratively and by his habeas petition. The administrative process resulted in a new hearing, about which he does not here complain. At the rehearing, which occurred after his amended habeas complaint was filed, he was again found to have committed the infraction and the same sanctions were re-imposed. His complaints about the initial hearing were thereby rendered moot. *See Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995) (state court reversed petitioner's initial conviction while habeas petition

was pending in the federal court, habeas petition was rendered moot); *Anderson v. Evans*, No. CIV-05-1145-L, 2006 WL 1049618 at *1 (W.D. Okla. April 17, 2006) (where prisoner complained about a disciplinary hearing, and the same penalties were imposed upon rehearing, claim was rendered moot).

In his amended petition, Smallwood argues he should not have been punished pending the rehearing, because doing so violated BOP regulations. Yet, as the *Anderson* court noted, "even if authorities had removed the penalties [pending the rehearing, petitioner] would ultimately have obtained the same sanctions based on the outcome of the rehearing." *Anderson*, 2006 WL 1049618 at *2. Because the outcome of the second hearing was the same as that of the first, Smallwood's complaint about the punishment imposed after the first hearing is also moot. Stripped to its bones, his complaint in this action is that he was punished prematurely rather than inappropriately. Unless the premature punishment impacted the second hearing there is no habeas remedy available, or necessary, for that complaint.

Smallwood may wish to challenge the rehearing, but that issue is not properly before this Court because it was not advanced before the district court.[1] *Barnes v. Scott*, 201 F.3d 1292, 1294 n.2 (10th Cir. 2000). In addition, while Smallwood states in his appellate brief "the delay in the rehearing and

_____

[1] In fact, the district court expressly declined to address any complaint about the second rehearing because the rehearing had not yet occurred at the time of Smallwood's second amended complaint. Therefore, the second amended complaint could not logically be construed as assigning error to the rehearing procedures.

transfer interfered with [his] defense," we see no claim in Smallwood's second amended complaint alleging the delay preceding the rehearing prejudiced his ability to present his defense at the rehearing. (Appellant's Br. at 16.) *See Hayes*, 70 F.3d at 85 (suggesting a habeas action might lie if a delay in decision of a direct appeal prejudiced the petitioner's ability to defend himself on retrial but such an action should be brought as a challenge to the retrial proceedings).

The district court's dismissal for lack of jurisdiction is AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge