FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RONALD R. VEAL,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director of the
Oklahoma Department of Corrections,

        Respondent-Appellee.

No. 09-6055
(D.C. No. 5:08-CV-00350-F)
(W.D. Okla.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Ronald Veal, an Oklahoma state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2241 petition for a writ of habeas corpus, and seeks leave to proceed in

forma pauperis ("IFP"). Exercising jurisdiction under 28 U.S.C. §§ 1291 and

2253, we deny a COA, grant the petition to proceed IFP, and dismiss the appeal.

**I**

Veal's petition arises out of a disciplinary hearing for prison misconduct.

On April 29, 2007, prison officials were planning to conduct a search of Veal's

cell. A guard reported that, as he approached, Veal ran to the toilet, pulled an object out of his pants, and flushed it down the toilet. In response, the Oklahoma Department of Corrections instituted disciplinary proceedings, initially charging him with running from or resisting apprehension, a Class X infraction. Ten days later, it altered the charge to destroying or attempting to destroy evidence, a Class A infraction. Veal was notified of the change and waived an additional twenty-four hours to prepare. Although he obtained statements about the incident from several witnesses, Veal chose not to present those statements at his disciplinary hearing because he believed they spoke to the Class X infraction but not to the Class A infraction.

The Department found Veal in violation of the Class A infraction. Veal filed an unsuccessful administrative appeal, claiming in part that he was denied procedural due process because he was unable to present witnesses or use witness statements at the hearing. Veal then initiated a state habeas corpus proceeding in Oklahoma state district court, which dismissed Veal's claim as frivolous. The Oklahoma Court of Criminal Appeals denied Veal relief for substantially the same reasons as the district court.

After exhausting other available remedies, Veal timely filed a habeas petition in the United States District Court for the Western District of Oklahoma. A few months later, the Department of Corrections vacated Veal's earlier disciplinary conviction, granted him a new administrative hearing, and moved to

dismiss the case as moot. The district court granted the motion and denied a COA. Veal now asks this court to grant a COA and overturn his disciplinary conviction.

**II**

Because the district court denied Veal a COA, he may not appeal the district court's decision absent a grant of a COA by this court. <u>Montez v. McKinna</u>, 208 F.3d 862, 868-69 (10th Cir. 2000). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Veal to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted).

We construe Veal's request for a COA liberally because he proceeds pro se. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). He argues that: (1) the initiation of federal habeas proceedings stripped the Oklahoma Department of Corrections of the jurisdiction to vacate his disciplinary conviction and order a new hearing; and (2) his initial hearing denied him procedural due process.

That a federal court has begun habeas proceedings does not deprive a different, competent tribunal of the power to rehear a prisoner's case. <u>See</u> <u>Hayes v. Evans</u>, 70 F.3d 85, 86 (10th Cir. 1995). Action of another tribunal renders a

- 3 -

habeas corpus petition moot when, as a result of the action, the petition "no longer present[s] a case or controversy under Article III, § 2, of the Constitution. . . . This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quotations omitted). Here, Veal has already received the precise remedy he has requested: that his disciplinary conviction be overturned and that he be provided the opportunity to present witnesses on the Class A charge. Thus, even assuming that Veal's procedural due process rights were violated by the change in charge, his claim is now moot.

## III

Veal also petitions the court to proceed IFP. Though his claims were ultimately without merit, they were not so frivolous or unreasoned as to imply bad faith. See 28 U.S.C. § 1915(a)(1) & (a)(3). Therefore his petition to proceed IFP is **GRANTED**. For the reasons set forth above, however, Veal's request for a COA is **DENIED**, and his petition is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 4 -