FILED
United States Court of Appeals
Tenth Circuit

April 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS DOUGLAS CRAFT, JR.,

        Petitioner - Appellant,

v.

JUSTIN JONES, DIRECTOR,

        Respondent - Appellee.

No. 11-6304
(D.C. No. 5:11-CV-00728-HE)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Applicant Louis Craft, Jr., a prisoner at the Cimarron Correctional Facility in Cushing, Oklahoma, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Oklahoma.[1] The district court dismissed the application and denied relief. Applicant seeks a certificate of appealability (COA) from this court to appeal the denial of his application. *See Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000) (requiring a COA to appeal dismissal of habeas application brought by

---

[1] Applicant filed his application under 28 U.S.C. § 2254. In accordance with this circuit's precedent, the magistrate judge, with Applicant's consent, recharacterized it as an application under 28 U.S.C. § 2241.

state prisoner under 28 U.S.C. § 2241 or § 2254). We deny a COA and dismiss the appeal because the claims are moot.

I.    BACKGROUND

According to prison incident reports, Applicant made a sexual remark to a female correctional officer and she responded with a racial slur. Applicant maintains that he never made the sexual remark but that the correctional officer fabricated the story to cover up her use of an unprovoked racial slur. After a prison hearing on the matter, Applicant was found guilty of menacing. He appealed to the prison warden and was granted a rehearing. Applicant alleges that he was denied the right to attend the rehearing. The State asserts, however, that he could have attended but refused to do so while handcuffed. The rehearing officer again found Applicant guilty and imposed punishment, which included the loss of 365 days of good-time credits.

Applicant raised three claims in district court: (1) that his right to due process was violated when he was prohibited from attending the rehearing; (2) that the misconduct charge was false and racially motivated; and (3) that prison officials violated the Eighth Amendment by acting with deliberate indifference to his rights and by inflicting cruel and unusual punishment. He asked the court to remove the menacing conviction from his file and reinstate his lost good-time credits.

Adopting the magistrate judge's recommendation, the district court denied the application and denied a COA. It dismissed the due-process claim as moot because after the § 2241 application was filed, prison officials set aside Applicant's disciplinary conviction and ordered a new hearing. In addition, it held that the falsity of a charge is not a ground for habeas relief and dismissed on the merits the claim that the disciplinary charge against him was false. The district court did not address the Eighth Amendment claim. On appeal Applicant seeks a COA on two issues: (1) that his due-process claim is not moot and (2) that prison officials acted with deliberate indifference to his due-process rights by fabricating the disciplinary charge.

## II. DISCUSSION

We construe Applicant's request for a COA liberally because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or

-3-

wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Applicant gives two reasons why his due-process claim is not moot. First, he argues that a constitutional violation occurred when he could not attend the second hearing and that another hearing will not cure that violation. But he is not seeking damages, and he has obtained the only relief he sought—setting aside the guilty finding and restoration of his good time. *See Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995). Second, he argues that prison officials ordered a new hearing to cover up their misconduct and that prison officials will continue to violate his due-process rights without court intervention. But if officials engage in future misconduct, he will be able to seek relief. They will not be able to escape review if they impose sanctions on him.

Moreover, Applicant's other claims were mooted when prison officials set aside his disciplinary conviction and ordered a third hearing. Those claims sought no relief that was not granted by the prison officials. Accordingly, we

-4-

need not address the merits of Applicant's second claim. We note, however, that because of mootness the district court's dismissal of all claims needed to be without prejudice.

## III.  CONCLUSION

We DENY the request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge