FILED
United States Court of Appeals
Tenth Circuit

October 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILLIP CHEATHAM, JR.,

Petitioner-Appellant,

v.

SAM CLINE, Warden; DEREK
SCHMIDT, Attorney General of the State
of Kansas,

Respondents-Appellees.

No. 13-3138

(D. Kansas)

(D.C. No. 5:12-CV-03249-SAC)

**ORDER DENYING A
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

In Kansas state court, Mr. Phillip Cheatham, Jr. was convicted on charges

of murder, attempted murder, aggravated battery, and criminal possession of a

firearm. After unsuccessfully petitioning the district court for habeas relief under

28 U.S.C. § 2254 (2006), Mr. Cheatham appeals. We can only entertain the

appeal if we hold that Mr. Cheatham is entitled to a certificate of appealability.

*See* 28 U.S.C. § 2253(c)(1)(A) (2006). Holding that he is not, we dismiss the

appeal.

---

[*]    This order does not constitute precedent. *See* 10th Cir. R. 32.1(A).

## Standard for a Certificate of Appealability

To obtain a certificate of appealability, Mr. Cheatham must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). This showing exists only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Mr. Cheatham's Criminal Cases and His
## Arguments for a Certificate of Appealability

Mr. Cheatham was convicted twice, once in 1995 for voluntary manslaughter (Case No. 94-CR-1801) and once in 2005 (Case No. 03-CR-2635) for first-degree murder, attempted murder, aggravated battery, and unlawful possession of a firearm. He appealed the 2005 conviction; but while waiting for a decision, he filed a habeas petition, claiming in part that the state-court appeal was taking too long and that he had suffered a double-jeopardy violation when evidence was elicited about his 1995 conviction for manslaughter.

Forty-five days after Mr. Cheatham began the habeas action, the Kansas Supreme Court decided the appeal in his favor, reversing the 2005 conviction on all counts and remanding for a new trial. *State v. Cheatham*, 292 P.3d 318 (Kan. 2013). The district court held that the state appellate decision mooted the habeas

2

claims. R. vol. 1, at 175. Mr. Cheatham disagrees and seeks a certificate of appealability, arguing that the state-court appeal took too long and that the double-jeopardy violation prevented a retrial.

Mootness of Mr. Cheatham's Habeas Claim
Involving Delay in the State-Court Appeal

Though the state appeals court ultimately decided in favor of Mr. Cheatham, he continues to claim that the court took too long. We can assume for the sake of argument that the delay resulted in a denial of due process. *See Harris v. Champion*, 15 F.3d 1538, 1566 (10th Cir. 1994). But Mr. Cheatham ultimately obtained a favorable appellate decision, one which vacated his conviction and ordered a new trial. Even if Mr. Cheatham were to prevail in the habeas action, the federal district court would have no obligation to grant any further relief even if the state appellate delay had resulted in a due-process violation. *See Harris v. Champion*, 938 F.2d 1062, 1070 (10th Cir. 1991) ("When the federal habeas court addresses a petitioner's substantive claim of unconstitutional delays in his state appeal, the most typical remedy is to order the defendant released from custody unless the state court hears the petitioner's appeal within a clearly-defined, relatively short period of time (such as 90 days)." (footnote omitted)).

In virtually identical circumstances, we held that a habeas action was moot in *Hayes v. Evans*, 70 F.3d 85 (10th Cir. 1995). There the petitioner challenged a

3

state-court conviction and appealed. While this appeal was pending, the petitioner sought habeas relief. But, before the federal court could rule on the habeas petition, the state appellate court decided the appeal in the petitioner's favor, reversing and remanding for a new trial. *Hayes*, 70 F.3d at 86. The petitioner argued that the reversal did not moot the habeas claim because the state court's delay prejudiced his ability to defend in a retrial. *Id.* We disagreed, concluding that the habeas action was moot because the most the district court could have done would have been to grant the same relief that the petitioner had already obtained in his state-court appeal. *Id.*

*Hayes v. Evans* is governing here. Like the petitioner in *Hayes*, Mr. Cheatham contends that he has been prejudiced by the delay in his state-court appeal. For example, he alleges that an alibi witness died during the pendency of the appeal. But, we held in *Hayes* that reversal of a conviction moots the habeas claim even if the state court's delay has been prejudicial. *Id.* Under *Hayes v. Evans*, the delay claim is moot and cannot supply the basis for a certificate of appealability.

### Invalidity of the Habeas Claim Involving Double Jeopardy

In addition to complaining about the state appellate delay, Mr. Cheatham alleges a double-jeopardy violation based on use of his 1995 manslaughter conviction in his trial in Case No. 03-CR-2635. The district court regarded this claim as moot because the Kansas Supreme Court reversed the conviction in Case

4

No. 03-CR-2635. We need not decide whether this rationale is correct because even if the claim were not moot, it would remain groundless. The Double Jeopardy Clause protects against reprosecution for the same conduct, but does not ordinarily prevent introduction of evidence simply because it had been used in a prior prosecution. *See United States v. Felix*, 503 U.S. 378, 385-86 (1992). Thus, the double-jeopardy claim is not reasonably debatable and cannot provide the basis for a certificate of appealability.

Conclusion

Mr. Cheatham's delay claim is moot and his double-jeopardy claim lacks potential merit. Thus, we deny his request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5