**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEROY BUHL,

      Petitioner - Appellant,

v.

D. BERKEBILE, Warden,

      Respondent - Appellee.

No. 13-1420
(D.C. No. 1:12-CV-02953-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Petitioner-Appellant Leroy Buhl, a federal inmate appearing pro se, appeals from a final judgment denying his application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 148. We dismiss the appeal as moot.

Mr. Buhl filed his application with the district court alleging constitutional violations stemming from a prison disciplinary conviction issued on February 8,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

2013. R. 5-9, 10-18, 111-14. He sought to have the incident report expunged from his record. R. 9. The district court denied the application on September 24, 2013. R. 148-49. Ordinarily we would have jurisdiction to hear Mr. Buhl's appeal under 28 U.S.C. § 1291; but on April 17, 2013, the Regional Director reviewing Mr. Buhl's administrative appeal discovered a "procedural error" in the disciplinary conviction, and remanded the matter for reconsideration by the disciplinary officer. R. 130. The disciplinary officer issued a new order (finding Mr. Buhl guilty of the same infraction and sanctioning him in the same way as the first order) on January 2, 2014. Aplee. Br. Att. A 1-7. Mr. Buhl filed the appropriate administrative appeal of that decision on January 21, 2014. Aplee. Br. Att. A. 18.[1]

Because the disciplinary order forming the subject matter of Mr. Buhl's habeas application has been superseded, his appeal is moot, and we are without Article III jurisdiction to adjudicate it. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Craft v. Jones, 473 F. App'x 843, 845-46 (10th Cir. 2012) (unpublished) (claims based on disciplinary conviction mooted when prison officials set aside the conviction and ordered a new hearing); Smallwood v. Scibana, 227 F. App'x 747, 749 (10th Cir. 2007) (unpublished) (claims based on procedural errors in

---

[1] The Regional Director's response to the new appeal was due March 22, 2014. Aplee. Br. 8 n.4; Att. A. 19. The parties have not informed us of the decision, but it is immaterial to the disposition here.

disciplinary hearing mooted when new hearing was granted).[2]  When Mr. Buhl exhausts the available administrative remedies as to the new disciplinary order, he may file a new application for habeas relief if he so chooses.  See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).

The appeal is DISMISSED as moot.  Mr. Buhl's motion for leave to proceed in forma pauperis is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[2]  We cite these unpublished dispositions for their persuasive value only. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.